J. González & Co., S. en C., demandante y apelada, *v.* José Isabel Aponte, demandado apelante e Isidro Falcón Cuadrado, interventor y apelante.

Núm. 7889.—*Sometido:* Enero 9, 1939. *Resuelto:* Febrero 25, 1939.

*Luis Mendín,* abogado de los apelantes; *R. Arroyo Ríos,* abogado de la apelada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

J. González & Co., S. en C., estableció acción de desahucio en precario contra José Isabel Aponte. El día señalado para la primera comparecencia estuvieron presentes la demandante y el demandado Aponte, alegando este último que ocupaba la finca en cuestión a virtud de contrato de arrendamiento que había celebrado con su dueño, Isidro Falcón Cuadrado. Solicitó Falcón Cuadrado permiso para intervenir y le fué concedido. Radicó su demanda de intervención, en la que alegó ser dueño de la finca objeto del pleito de desahucio. El día señalado para la segunda comparecencia el interventor y la demandante estipularon someter el caso por la prueba documental que ofrecieron en la primera comparecencia. La corte aprobó la estipulación, quedando el caso sometido por alegatos.

El día 19 de agosto último se dictó sentencia por los méritos de la prueba. Prescindió la corte del interventor, y sin mencionar ni hacer pronunciamiento alguno contra éste, declaró con lugar la demanda, decretó el desahucio del demandado y lo condenó a desocupar la finca en el término de veinte días a partir de la fecha de la sentencia, imponiéndole además las costas, incluyendo la cantidad de $50 para honorarios del abogado de la demandante.

A pesar de que ningún pronunciamiento se hizo contra el interventor Isidro Falcón Cuadrado, el secretario notificó la sentencia tanto al demandado José Isabel Aponte como al interventor Isidro Falcón Cuadrado, por conducto este último de su abogado Lic. Luis Mendín Sabat.

En un mismo escrito apelaron de la sentencia el interventor y el demandado, y en la misma fecha el interventor solicitó de la corte que fijase el montante de la fianza que debía

prestar para perfeccionar la apelación. Prestó una fianza el interventor que en lo pertinente dice así:

"Por cuanto: En el presente caso fué dictada sentencia, decretando el desahucio del demandado de una finca rústica que se describe en la sentencia, dando a este demandado 20 días para abandonarla, e imponiendo a dicho demandado las costas en el procedimiento con inclusión de una suma de $50.00 estimados razonablemente para el pago de los abogados de los demandantes.

"Por cuanto: El interventor Isidro Falcón Cuadrado ha establecido apelación para ante el Tribunal Supremo de Puerto Rico de dicha sentencia y la corte ha fijado a tal fin una fianza por la suma de seiscientos dólares para responder a la demandante de los daños y perjuicios que puedan irrogársele, caso de no prosperar la apelación ejercitada.

"Por tanto: Nosotros, Isidro Falcón Cuadrado, como principal, y Zenón Montañez y José Colón Bermúdez, como fiadores, libre y expontáneamente nos obligamos mancomunada y solidariamente, para responder de la suma de seiscientos dólares o cualquier parte de la misma que fuere necesario, para atender a los daños y perjuicios que puedan irrogarse al demandante J. González & Co., S. en C., en caso de confirmarse dicha sentencia."

El demandado no prestó fianza.

El 5 de noviembre último el abogado Sr. Mendín, que hasta entonces había representado al interventor solamente, radicó el alegato en apelación ante este tribunal a nombre de ambos apelantes, demandado e interventor.

El 22 del mismo mes la apelada radicó una moción en la que solicita la desestimación del recurso de ambos apelantes, por los siguientes fundamentos:

(a) Porque el escrito de apelación de uno y otro apelante fué radicado fuera de término.

(b) Porque la fianza fué prestada por el interventor contra quien no se había hecho pronunciamiento alguno en la sentencia, y sin que la corte hubiera señalado previamente el montante de la misma.

(c) Porque el demandado José Isabel Aponte, contra quien se dictó la sentencia, no prestó fianza alguna para perfeccionar su apelación.

■ De los autos aparece que la sentencia, aunque dictada el 19 de agosto de 1938, fué notificada a las partes el 23 del mismo mes, y siendo el día 28 de agosto día festivo, el término para radicar el escrito de apelación venció el 29 del mismo mes, o sea cinco días después de notificada la sentencia. Aparece de los autos una certificación expedida por el Secretario de la Corte de Distrito de Humacao el 16 de diciembre último, en la que acredita que el escrito de apelación en este caso fué radicado el 29 de agosto de 1938 y notificado en igual fecha al abogado de la demandante. No existe, pues, el primer motivo alegado por la apelada, como fundamento de su moción de desestimación.

■ En la transcripción de autos no aparece orden alguna de la corte señalando el montante de la fianza. Acompañando su moción de desestimación la apelada presentó una certificación del Secretario de la Corte de Distrito de Humacao, expedida con fecha 30 de agosto último, que en lo pertinente dice así:

"CERTIFICO: Que de los autos del caso de este epígrafe, no aparece que la Corte en esta fecha haya señalado fianza para la apelación interpuesta por el demandado y el interventor de la sentencia dictada en 19 de agosto de 1938."

Sin embargo, el mismo Secretario, con fecha 16 de diciembre de 1938, certifica también, entre otras cosas, lo siguiente:

"CERTIFICO, también, que de los autos de este caso aparece un escrito de los apelantes, solicitando de la Corte se sirva fijar la fianza, que copiado en lo pertinente dice así: 'Que notificado de la sentencia dictada por este tribunal, y no estando conforme con la misma, tiene el propósito de apelar para ante la Hon. Corte Suprema de Puerto Rico. Que el interventor interesa de V. H. se sirva fijar el importe de la fianza para dicha apelación, teniendo en cuenta que el valor de la finca objeto de la acción, fué vendida en cien dólares.' Cuyo escrito aparece radicado en esta Secretaría a mi cargo con fecha 29 de agosto de 1938, y dicha moción tiene al calce una orden que dice: 'Como se pide, se fija una fianza de $600.00 para los efectos de ley. (Fdo.) R. Arjona. 8/29/38.'

"CERTIFICO, asimismo, que la fianza presentada aparece con nota de radicación con fecha 29 de agosto de 1938, la cual aparece aprobada."

Realmente no comprendemos la contradicción en que incurre el Secretario de la Corte de Distrito de Humacao en sus dos certificaciones. De todos modos, debemos atenernos a la de fecha más reciente y aceptándola como cierta, tenemos que resolver que el montante de la fianza fué señalado por la corte, que se presentó oportunamente y que se le impartió la aprobación judicial. En lo que aparece esta última certificación del secretario en contradicción con los autos es en cuanto afirma que de ellos aparece un escrito de los apelantes solicitando de la corte la fijación de fianza. Lo que aparece de los autos a ese efecto es una moción del interventor solamente, en la que manifestando su propósito de apelar para ante este tribunal, solicita de la corte se sirva fijar el montante de la fianza para perfeccionar su recurso de apelación.

No existe el segundo motivo de desestimación.

■■ En cuanto al tercer motivo de desestimación, tampoco tiene razón la apelada. Como dijimos anteriormente, la sentencia fué dictada contra el demandado solamente, no habiéndose hecho ninguna clase de pronunciamiento contra el interventor; pero a pesar de ello, es innegable el interés que tiene el interventor en la sentencia dictada, a tal extremo que puede decirse que es él la verdadera parte por ella perjudicada. Siendo ello así, y habiendo él prestado oportunamente la fianza que exige la sección 12 de la Ley de Desahucio, procede denegar la desestimación de apelación en lo que al interventor respecta.

*Estando los intereses del demandado y del interventor tan íntimamente relacionados, procede también denegar por ahora la desestimación del recurso interpuesto por el demandado.*